IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**BLUEFIELD WATER ASSOCIATION, INC.,**
**A MISSISSIPPI NON-PROFIT CORPORATION**                **PLAINTIFF**

**VERSUS**                **CIVIL ACTION FILE NO. 1:08CV50-WAP-JAD**

**CITY OF STARKVILLE, MISSISSIPPI,**
**A MUNICIPAL CORPORATION**                **DEFENDANT**

**PRELIMINARY INJUNCTION AND OTHER RELIEF**
**GRANTED TO BLUEFIELD WATER ASSOCIATION, INC.**

**THIS ACTION** came on this day for hearing on the motion of the plaintiff, Bluefield Water Association, Inc. (hereinafter "Bluefield") for a temporary restraining order and preliminary injunction against the City of Starkville, Mississippi (hereinafter "Starkville"), asking for certain immediate relief as follows, *to-wit*:

1.      That Starkville be required to immediately furnish additional quantities and volumes of water to Bluefield in order that Bluefield will be supplied with an adequate potable water supply with which to supply to its existing members/customers and prospective customers for compensation in its rapidly growing service area in the reasonably near future;

2.      That Starkville be required to immediately cease and desist from serving potable water to customers within Bluefield's exclusive service area as described in Bluefield's exclusive certificate of public convenience and necessity;

3.      That Starkville be enjoined from any further encroachment or invasion into Bluefield's exclusive service area and be enjoined from serving any additional customers in

1

Bluefield's service area pending a final hearing of this action;

The Court having heard the testimony, read the pleadings and affidavits in this action; and having considered the exhibits presented in Court and filed with the affidavits, does find as follows:

1. The Court has jurisdiction of the parties and the federal claims presented by the plaintiff pursuant to 7 *U.S.C.* § 1926 and 28 *U.S.C.* § 1331, and has supplemental jurisdiction of the state claims filed herein by the plaintiff, including the claim by Bluefield that Starkville breached its contract with Bluefield by failing to provide Bluefield with a sufficient supply of potable water to meet its requirements;

2. That Bluefield Water Association, Inc., a Mississippi non-profit corporation, possesses an exclusive certificate of public convenience and necessity from the Mississippi Public Service Commission to exclusively provide potable water service to the inhabitants of its duly certificated service area; that it has an undetermined amount of unused pipe in the ground east and west of the Highway 25 right of way that is in an undetermined condition and is not connected to any water meter, business, or residence; that it is indebted to the Farmers Home Administration and its successor federal agencies which are subsidiary agencies of the U. S. Department of Agriculture; that it provided or made service available because of the fact it possesses an exclusive certificate of public convenience and necessity to its certificated area; and that plaintiff is therefore entitled to the protections afforded by *7 U.S.C.*§1926(b);

3. That Bluefield's certificate of public convenience and necessity is a valuable property right in Mississippi as adjudged in numerous federal and state cases, including *City of Madison, MS v. Bear Creek Water Ass'n, Inc.,* 816 F. 2d 1057 (5th Cir. 1987) as well as by the Mississippi

Supreme Court in *Bear Creek Water Ass'n, Inc. v.Town of Madison,* 416 So. 2d 399 (Miss. 1982); *City of Jackson, MS v. Creston Hills, Inc.,* 252 Miss 564, 172 So. 2d 215 (1965);

      4. That Starkville is encroaching upon Bluefield's exclusive service area in violation of state and federal law by providing potable water service to customers within Bluefield's service area; and has refused Bluefield's requests for additional water supply from Starkville in accord with the contract between the parties so that Bluefield can serve customers within its exclusive service area;

      5. That an urgent and necessitous situation exists justifying the motion filed by Bluefield and that Starkville should be immediately required to provide a potable supply to Bluefield for compensation in such a quantity and pressure as is necessary to allow Bluefield to serve its own customers;

      6. That Bluefield has carried its burden in this preliminary proceeding pursuant to the provisions of the *Canal Authority of the State of Florida v. Callaway,* 489 F. 2d 567, 572 (5th Cir. 1974). Specifically, the Court finds that (1) there is a substantial likelihood that Bluefield will be the prevailing party when this action is heard on its merits pursuant to the provisions of 7 *U.S.C.* §1926 (b); (2) that an urgent and necessitous situation exists and that Bluefield and its members/customers will be irreparably harmed unless a preliminary injunction granting the relief sought by Bluefield is not granted herein; (3) that Starkville makes no claim that it does not have adequate potable water to sell water to Bluefield at wholesale rates and has presented no evidence to show that it would be irreparably harmed if a preliminary injunction in favor of Bluefield is granted; and (4) the Court further finds that the granting of the preliminary injunction sought by the plaintiff will not disserve the public interest.

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

1. The City of Starkville, Mississippi, is hereby directed, forthwith, to assist and allow Bluefield Water Association, Inc. (at Bluefield's expense) to enlarge its existing water meter and to extend its existing water facilities from its present point of delivery of water from Starkville through a new twelve-inch water line to be installed and paid for by Bluefield, to connect with the nearest existing twelve-inch water line of Starkville now in operation. The purpose of this connection will be to allow and require Starkville to provide to Bluefield all water it requires to provide an adequate potable water supply to its existing and prospective customers for the reasonably foreseeable future. The City of Starkville shall fully cooperate with and assist Bluefield in making this new water connection between the facilities of these parties as soon as possible after Bluefield indicates to the City in writing that it is prepared to pay for the actual cost of making the connection to the city's existing 12" main, including a tap and valve, and any additional materials necessary to make this connection.

2. The City of Starkville is hereby directed, pending a final hearing of this action on its merits, to henceforth cease and desist and refrain from providing any potable retail water service to any customers, other than Bluefield Water Association, Inc., that are located within Bluefield's exclusive service area as described in Bluefield's certificate of public convenience and necessity, a copy of which is attached to the Complaint filed by Bluefield in this action. Instead, pending a final hearing in this action, Starkville shall immediately designate Bluefield as the customer of Starkville at each such water meter where Starkville has heretofore been furnishing retail water service to customers within Bluefield's service area through meters owned by Starkville. Pending final hearing of this action and beginning on the first normal billing cycle for the City of Starkville

4

following the first business day in the first month after this Order is entered, Starkville shall bill Bluefield at its water rates presently charged to customers at each such meter. Then Bluefield shall pay Starkville for services rendered to it and may bill the customers previously served by Starkville at Bluefield's existing retail rates until further order by this Court. In this regard, Starkville shall forthwith provide the names and addresses and other contact information of all customers presently being served by Starkville in Bluefield's exclusive service area. Should the customer(s), or any of them, fail to pay Bluefield for water services as billed to the customer, the City shall permit Bluefield to close the existing shut off valves ("curb stops") located on the service connections from the City main to the meter for the purpose of recovering payment. Bluefield shall reimburse the City for any physical damages incurred by opening and closing said valves ("curb stops"). Should the existing valves ("curb stops") not be suitable for this purpose, Bluefield shall install a suitable shut off device downstream of the meter or meter base and the point of connection of Bluefield to the customer(s) being defined as the discharge of the shut off device installed by Bluefield.

3. That Starkville set new metered water connections on municipal water mains in the encroachment area east of the MS Highway 25 Bypass, said connections being in the name of Bluefield Water Association and at the expense of said association, for new Bluefield water customers until such time as this action is formally disposed of on its merits.

4. Starkville is hereby enjoined and directed to refrain from any further invasion or encroachment within Bluefield's certificated service area and shall henceforth provide water to no customer, other than Bluefield, within Bluefield's service area with water service until further order of the Court or until this action is formally disposed of on its merits.

5. Bluefield must notify the customer(s) effected by this Order prior to the customer's receipt of Bluefield's initial bill to said customer to inform the customer of the upcoming billing or rate changes.

**SO ORDERED AND ADJUDGED** this 9th day of July, 2008.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE